**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 09-1950
_____

CARLO PEDEMONTE BOGGIANO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Department of Homeland Security
(No. A041-495-693)

_____

Submitted Under Third Circuit LAR 34.1(a)
April 29, 2011

_____

BEFORE:  BARRY, HARDIMAN and TASHIMA[*], Circuit Judges,

(Filed: May 25, 2011)

_____

OPINION

_____

_____

[*]     The Honorable A. Wallace Tashima, Senior United States Circuit Judge for
the Ninth Circuit, sitting by designation.

1

TASHIMA, Circuit Judge:

Carlo Boggiano petitions for review of an order of the United States Citizenship and Immigration Services ("USCIS"), an agency within the Department of Homeland Security ("DHS"), denying his application for a citizenship certificate. We will dismiss the petition for lack of jurisdiction.[1]

I

Boggiano, a native of Peru, contends that he derived United States citizenship from his father, who became a naturalized citizen before Boggiano's 18th birthday. As often happens, Boggiano litigated his citizenship in parallel administrative proceedings. The first was a removal proceeding: DHS sought to remove Boggiano after he was convicted of embezzlement, and Boggiano claimed citizenship as a defense. While the removal proceeding was underway, Boggiano filed an application for a citizenship certificate with USCIS, under § 321 of the former Immigration and Nationality Act, 8 U.S.C. § 1432 (repealed), thereby initiating the second administrative proceeding. A district director of USCIS denied the application. Boggiano appealed this decision to the agency's Administrative Appeals Office ("AAO"). Meanwhile, the Immigration Judge

---

[1] Respondent filed a motion to dismiss for lack of jurisdiction, which was referred to the merits panel. This opinion addresses the arguments made in support of and in opposition to that motion, as well as on the merits.

2

("IJ") terminated the removal proceeding, agreeing with Boggiano that he was not removable because he derived citizenship from his father. Thereafter, the AAO denied Boggiano's appeal because it determined that he was not a citizen. Thus, Boggiano was left with contradictory administrative decisions: the IJ concluded that he could not be removed because he was a citizen, but USCIS determined he could not receive a citizenship certificate because he was not a citizen.

Boggiano sought review of the USCIS decision from two different courts concurrently. First, he filed the instant petition of review with this Court, asking that we review the agency decision directly.

Second, on the same day that he filed this petition for review, Boggiano also filed a complaint in the District Court for the District of New Jersey for a declaration of citizenship pursuant to 8 U.S.C. § 1503(a). That statute creates a cause of action where a person who claims citizenship is denied a right or privilege of citizenship, but the statute also contains two exceptions that are triggered by removal proceedings:

(a) Proceedings for declaration of United States nationality

If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, *except that no such action may be instituted in*

3

*any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding.* An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

8 U.S.C. § 1503(a) (emphasis added).

Although the USCIS order indisputably denied Boggiano a "right or privilege" of citizenship, the District Court dismissed the action for lack of subject matter jurisdiction. It held that the dispute over Boggiano's citizenship "arose by reason of" his removal proceedings and thus ran afoul of subsection (1), the first exception in § 1503(a). Boggiano did not appeal that decision.

## II

Because Boggiano petitions this Court for direct review of the USCIS order, rather than appealing the District Court's decision, we lack jurisdiction. Although § 1503(a) provides the proper mechanism for challenging the agency's denial of a citizenship certificate, *see Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 (5th Cir. 2007), the statute requires that such actions originate in the District Court. 8 U.S.C. § 1503(a) ("An action under this subsection . . . shall be filed in the district court of the United States for the district in which such person resides or claims a residence.").

4

Boggiano relies on 8 U.S.C. § 1252 as an alternate basis for jurisdiction, but that provision "only confers jurisdiction on us to review 'final orders of removal.'" *Khouzam v. Att'y Gen.*, 549 F.3d 235, 247 (3d Cir. 2008)(quoting *Obale v. Att'y Gen.*, 453 F.3d 151, 158 n.6 (3d Cir. 2006)). Because Boggiano prevailed in his removal proceeding, there is no final order of removal. We therefore lack jurisdiction under § 1252.[2]

### III

The petition for review will be dismissed for lack of subject matter jurisdiction.

---

[2] Boggiano may, nonetheless, have another opportunity to seek judicial review of the USCIS' determination of his citizenship application. *Ortega v. Holder*, 592 F.3d 738, 745-46 (7th Cir. 2010), indicates that an applicant in Boggiano's position may re-file his application as a motion to reopen or for reconsideration with the USCIS under 8 C.F.R. § 103.5. If such a motion is denied, the applicant may then bring a new action in District Court under 8 U.S.C. § 1503(a). *See Ortega*, 592 F.3d at 746. Because this question has not been presented to us, we express no opinion on the viability of such a proceeding in Boggiano's case.